BAHR V. STATE

NO. 07-07-0328-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 10, 2009

______________________________

GEORGE WILLIAM BAHR,

Appellant

v.

THE STATE OF TEXAS,

Appellee

________________________________

FROM THE 47
th
 DISTRICT COURT OF RANDALL COUNTY;

NO. 18125-A; HON. RICHARD DAMBOLD, PRESIDING

_______________________________

Concurring Opinion

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

I concur in the opinion and judgment rendered by the majority but write separately to address a concern of mine.  That concern relates to the potential for abuse related to accusing one of using or exhibiting a deadly weapon to enhance the nature or punishment of a crime.  

As noted in the court’s opinion, appellant was charged with using, as opposed to exhibiting, a deadly weapon during the commission of the crime.  Furthermore, to prove that allegation, the State must establish, at a minimum, that the weapon’s presence facilitated the associated crime.  
Gale v. State, 
998 S.W.2d 221, 224-25 (Tex. Crim. App. 1999).  In other words, presence or possession of a weapon alone is not enough.  There must be a link between the weapon and crime.   

The difficulty in proving the aforementioned link may well vary upon the nature of the crime and weapon involved, however.  For instance, courts have long recognized that firearms and the peddling of drugs tend to go hand in hand; indeed, that realization is often cited as an indicia justifying an officer’s decision to conduct a pat-down when investigating a crime involving drugs.  
See
 
Wilson v. State, 
132 S.W.3d 695, 699 (Tex. App.
–
Amarillo 2004, pet. ref’d) (recognizing the link between drugs and the presence of firearms when determining the legitimacy of a pat-down for officer safety).  So, it is not an unreasonable leap to infer from the presence of a firearm within the close vicinity of drugs that the weapon somehow facilitated the possession and/or sale of such contraband.  
See Gale v. State
, 998 S.W.2d at 225 (finding the requisite link given the proximity of the firearms to the drugs and the testimony that drug dealers often use guns to protect their illicit goods).  Yet, if the supposed deadly weapon was a butcher knife found lying in a kitchen drawer while the drugs lie in a bedroom or when the crime involves child pornography on a computer located next to a gun cabinet the link may be somewhat harder to establish.  

Simply put, caution must be taken to insure the presence of the requisite link discussed above.  Without more, an accused’s legitimate possession of a firearm in his house does not entitle the State to a deadly weapon finding because the underlying crime occurred in the house.  And, I fear that some of what I have read may be ignoring this. Finally, that the majority took the requisite caution here is something I cannot dispute.  

Brian Quinn

          Chief Justice

Publish.          ellant of appellant’s right to review the record and file a response to counsel’s motion and brief.  Appellant has filed a response to counsel’s motion and brief.  In his response, appellant urges the issues identified by his counsel in the 
Anders
 brief, but simply advances the position that the trial court erred in its rulings.  

The State has filed a brief in response to the brief of appellant’s counsel and appellant’s 
pro se
 response to his counsel’s brief.  The State concludes that the appeal presents no reversible error.    

We have made an independent examination of the record to determine whether there are any arguable grounds meriting appeal.  
See
 
Penson v. Ohio
, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); 
Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  We have found no such grounds.  We agree that the appeal is without merit. 

Accordingly, counsel’s Motion to Withdraw is granted.  The judgments of the trial court are affirmed.

Phil Johnson

    Justice

Do not publish.